UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILMINGTON TUG, INC.<br><br>　　　　　　　　　Plaintiff<br><br>　　v.<br><br>M/V CLARY, her engines, tackle, boilers, etc. *in rem*<br><br>　　and<br><br>CLARY SHIPPING, *in personam*<br><br>　　　　　　　　　Defendants. | Civil Action No.: 06-cv-_____ |

## VERIFIED ADMIRALTY COMPLAINT
## IN REM AND IN PERSONAM

Plaintiff, Wilmington Tug, Inc., by and through its attorneys, Palmer Biezup & Henderson, LLP, hereby brings the following Complaint in Admiralty and alleges upon information and belief as follows:

1.　　This is a case of Admiralty and Maritime Jurisdiction within the meaning of 28 U.S.C. §1333, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.　　Venue is proper in this district pursuant to the provisions of 28 U.S.C. §1391 and under the General Maritime Law of the United States.

3. At all material times, plaintiff Wilmington Tug, Inc. (hereinafter "Wilmington") was and is a business entity organized and existing under the laws of Delaware with a principal place of business in Wilmington, Delaware.

4. At all material times, defendant M/V CLARY (hereinafter "Vessel") was and still is a bulk vessel operated as a common and/or private carrier of goods in ocean transportation.

5. At all material times, defendant Clary Shipping (hereinafter "Clary") was and still is a business entity duly organized and existing under the laws of Germany with a principal place of business in Schnaittenbach, Germany, and was and is the registered owner and/or owner *pro hac vice* and/or disponent owner of the Vessel.

6. The Vessel is now or will be within the jurisdiction of this Court during the pendency of this action.

7. Wilmington is engaged in the business of rendering vessel assistance services and supplying tugs, and is the owner/operator of the Tugs TINA, SALLY and CAPT. HARRY.

8. At all material times, the Tugs TINA, SALLY and CAPT. HARRY were secured at the small craft pier of the Wilmington Marine Terminal on the Christiana River in Wilmington, Delaware.

10. On or about January 6, 2006, at approximately 10:00 a.m., the Vessel was transiting the Christiana River with assisting tugs when it lost control, causing the Vessel and/or its assisting tugs to allide with the TINA, SALLY and CAPT. HARRY.

11. The allision was caused by the negligence and carelessness of the Vessel *in rem* and the Vessel's officers, crewmembers, agents and other persons responsible for the operation or management of the Vessel and its equipment.

12.     The allision occurred without any contributory fault or neglect on the part of Wilmington or the Tugs TINA, SALLY and CAPT. HARRY.

13.     As a direct and proximate result of the negligence and unseaworthiness of the Vessel and the negligence and statutory violations of Clary Shipping, Wilmington has sustained and will sustain damages and losses in an amount in excess of $5,000,000 as nearly as can presently be estimated, for physical damages to said Tugs, costs of repair, loss of use, mitigation expenses, interest, counsel fees and other damages to be ascertained.

14.     As a direct and proximate result of the negligence and unseaworthiness of the Vessel and the negligence and statutory violations of Clary Shipping, Wilmington is or may be exposed to claims by other parties.

WHEREFORE, Plaintiff prays,

(a)     That process in due form of law according to the practice of this Honorable Court in cases within the admiralty and maritime jurisdiction may issue against Clary Shipping. citing it to appear and answer under oath all singular matters aforesaid;

(b)     That a Warrant of Arrest in due form of law according to the practice of this Honorable Court in cases within the admiralty and maritime jurisdiction be issued against the M/V CLARY, her engines, boilers, tackle, etc. as provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to enforce plaintiff's claim against the CLARY *in rem* and that all persons having an interest in and to said vessel be cited to appear and answer under oath all and singular the aforesaid;

(c) That judgment be entered in favor of the plaintiff and against the M/V CLARY *in rem* and against Clary Shipping *in personam* for damages, with interest, costs, and attorney's fees; and

(d) That plaintiff may have such other and further relief as this Honorable Court may deem just and proper under the circumstances.

Dated: January 6, 2006

PALMER BIEZUP & HENDERSON LLP

By:_____
Michael B. McCauley, Esq.
Delaware Bar# 2416

1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
Attorneys for Plaintiff

*Of Counsel:*

Richard Q. Whelan, Esq.
620 Chestnut Street
956 Public Ledger Building
Philadelphia, PA 19106-3409
(215) 625-9900

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILMINGTON TUG, INC. : | |
| : | |
| Plaintiff : | Civil Action No.: 06-cv-_____ |
| : | |
| v. : | |
| : | |
| M/V CLARY, her engines, tackle, boilers, : | |
| etc. *in rem* : | |
| : | |
| and : | |
| : | |
| CLARY SHIPPING, *in personam* : | |
| : | |
| Defendants. : | |

## VERIFICATION

H. Hickman Rowland, Jr., having been duly sworn according to law, deposes and says:

1.      That I am President of the plaintiff, Wilmington Tug, Inc.

2.      That this Verification is submitted in support of the Complaint filed herein pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

3.      That I am authorized to make this Verification on behalf of plaintiff.

4.      That the facts set forth in the foregoing Verified Complaint in Admiralty are true and correct to the best of my knowledge, information and belief.

5. That the sources of your deponent's information are initial reports from witnesses and information received concerning the allision and the damages to the Tugs TINA, SALLY AND HARRY.

6. That as more fully appears in the Verified Complaint, this action has been commenced to recover the damages suffered by plaintiff as a result of the defendants' fault and negligence in causing the allision.

7. That exigent circumstances exist with regard to the need for plaintiff to assert, enforce and preserve its maritime lien and claims through arrest of the M/V CLARY which is presently located within this district.

8. That plaintiff has paid or will pay forthwith the sum of Five Thousand dollars to the United States Marshal, which deposit is required to cover anticipated expenses in connection with the Marshal's execution of a warrant of maritime arrest.

9. That plaintiff has and does hereby release the U.S. Marshal from any liability in connection with the execution of process and agrees to indemnify and hold the U.S. Marshal harmless from any and all claims whatsoever arising out of any arrest executed in this action.

10. I certify under penalty of perjury that the foregoing is true and correct. Executed this 6th day of January 2006.

/s/
H. Hickman Rowland, Jr.