UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILMINGTON TUG, INC.<br><br>                Plaintiff<br><br>    v.<br><br>M/V CLARY, her engines, tackle, boilers,<br>                etc., *in rem*<br><br>    and<br><br>CLARY SHIPPING, *in personam*<br><br>                Defendants. | Civil Action No.: 06-cv-_____ |

**MOTION FOR ORDER TO ISSUE
WARRANT FOR ARREST OF VESSEL
AND
MOTION FOR ORDER FOR APPOINTMENT
OF SUBSTITUTE CUSTODIAN**

Plaintiff Wilmington Tug, Inc., by and through its attorneys Palmer Biezup & Henderson LLP, hereby moves pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims for an Order directing the Clerk of Court to issue a Warrant for the arrest of the M/V CLARY (the Vessel), and to deliver said Warrant to the United States Marshal for execution, and also for an Order appointing substitute custodian, as follows:

    1.     On January 6, 2006, Plaintiff filed a Verified Complaint in Admiralty against the Vessel *in rem* and against Clary Shipping *in personam* (Verified Complaint attached hereto as Exhibit A). The Complaint seeks, among other things, a judgment against the Vessel *in rem* and

against Clary Shipping for negligence. As set forth in further detail in the Complaint, Plaintiff's tugs were damaged when the Vessel and/or its assisting tugs allided with the Plaintiff's tugs.

2.    Rule C(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that an action *in rem* may be brought "[t]o enforce any maritime lien," or "[w]herever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto."

3.    Plaintiff is entitled to proceed against the Vessel *in rem* in order to enforce its lien arising out of the Vessel's fault and negligence in causing the allision.

4.    Rule C(3)(a)(ii)(A) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that where a maritime lien is sought to be enforced by an action *in rem*,

> the court must review the complaint and any supporting papers. If the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action.

5.    The conditions for an *in rem* action against the Vessel having been met, and the grounds for the issuance of a warrant of arrest having been established, plaintiff respectfully requests that an Order be entered directing the Clerk of Court to issue a Warrant for the arrest of the Vessel.

6.    Further, in order to provide for the efficient administration of this action and arrest, plaintiff respectfully requests that an Order be entered appointing Ring Maritime Services, Inc./Taylor Marine Transport as substitute custodian of the Vessel in lieu of the United States Marshal. Plaintiff agrees to release the United States and the United States Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel from the time the Marshal transfers custody to the substitute custodian, and from any and all claims whatsoever

arising out of the substitute custodian's possession and safekeeping of the Vessel. Further, attached to this Motion is the Declaration of Robert Taylor, President of Ring Maritime Services, Inc./Taylor Marine Transport, attesting to the competence of the substitute custodian and their financial responsibility as reflected in the attached Certificate of Insurance.

WHEREFORE, Plaintiff prays that this Court enter an Order in the form attached hereto, directing the Clerk of Court to issue a Warrant for the arrest of the Vessel and to deliver said Warrant to the United States Marshal for execution, and also to enter an Order in the form attached hereto appointing Ring Maritime Service, Inc./Taylor Marine Transport as the substitute custodian of the Vessel.

Dated:   January 6, 2006

> Respectfully submitted,
>
> PALMER BIEZUP & HENDERSON LLP
>
> By:_____
>     Michael B. McCauley, Esq.
>     Delaware Bar# 2416
>
>     1223 Foulk Road
>     Wilmington, DE 19803
>     (302) 594-0895
>     Attorneys for Plaintiff

*Of Counsel:*

Richard Q. Whelan, Esq.
620 Chestnut Street
956 Public Ledger Building
Philadelphia, PA 19106-3409
(215) 625-9900

## DECLARATION OF SUBSTITUTE CUSTODIAN

My name is Robert Taylor. I am over the age of 21 and am competent to give this unsworn declaration under penalty of perjury. All facts stated herein are true and correct and are within my personal knowledge.

1. I am President of Ring Maritime Services, Inc./ Taylor Marine Transport and am authorized to execute this Affidavit;

2. We are familiar with the Defendant vessel at least to the extent of her size, weight, construction material and apparent condition and believe that Ring Maritime Services, Inc./ Taylor Marine Transport has adequate facilities and supervision to safely keep said vessel in place of the Marshal during the pendency of suit herein and until further order of the Court and, in this regard, affiant states that Ring Maritime Services, Inc./ Taylor Marine Transport will provide fire watch, gangway guardianship, periodically inspect mooring lines and perform other miscellaneous services necessary to the proper custody and safekeeping of the vessel;

3. The total charge for said services will be $29.00 per hour in fees and benefits per eight-hour shift for straight time, and $42.00 per hour in fees and benefits per eight-hour shift for overtime. Two hours travel per shift at the normal hourly rate then applying will also be charged;

4. Ring Maritime Services, Inc./ Taylor Marine Transport has liability insurance in the amount of $1,000,000.00 with $2,000,000.00 aggregate to cover damages for loss of or injury to the Defendant vessel during said custody or for damages sustained by third parties due to gross negligence of Ring Maritime Services, Inc./ Taylor Marine Transport or employees or agents committed during said custody;

PBH: 180611.1

5. Further, Ring Maritime Services, Inc./ Taylor Marine Transport agrees to accept subsequent custodianship of the Defendant vessel, her engines, machinery, boilers, tackle, apparel, etc. in accordance with the Order Appointing Substitute Custodian; and

6. I declare under penalty of perjury that the foregoing is true and correct.

RING MARITIME SERVICES, INC. /
TAYLOR MARINE TRANSPORT

By: *Robert Taylor* (signature)
Robert Taylor

Dated: 1\6\06

PBH: 180611.1

2


**CNA**

# RENEWED BUSINESS ACCOUNT PACKAGE POLICY

## SPECIAL FORM

| Policy Number | Named Insured and Address | From Policy Period To |
|---|---|---|
| 2064155089 | TAYLOR MARINE TRANSPORT<br>96 JANSEN AVE<br><br>ESSINGTON, PA  19029 | 05/31/2005    05/31/2006 |

| Agency Number | Agency Address | Coverage Provided By |
|---|---|---|
| 019807470 | PENNSYLVANIA INS. ALLIANCE<br>2015 W. HAMILTON ST., STE 102<br>ALLENTOWN, PA 18104 | Valley Forge Insurance Co<br>CNA Plaza<br>Chicago, Illinois  60685 |

This policy becomes effective and expires at 12:01 A.M. standard time at your mailing address on the dates shown above.

The Named Insured is a Corporation.

Your policy is composed of this Declarations, with the attached Common Policy Conditions, Coverage Forms, and Endorsements, if any. The Policy Forms and Endorsement Schedule shows all forms applicable to this policy at the time of policy issuance.

|  |  |
|---|---|
| The Policy Premium is | $588.00 |
| Total Policy Charges | $588.00 |
| Terrorism Risk Insurance Act Premium | $13.00 |

For your locations in the states of IL, LA, NJ, NY and OK Terrorism Endorsement G-144225-A and Terrorism Policyholder Notice G-144233-B applies: in all other states & DC, Terrorism Endorsement G-144234-B applies

In return for the payment of the premium, and subject to all the terms and conditions contained herein, we agree to provide the insurance as stated.

This section summarizes the included limits and coverages on your policy.

**BUSINESS LIABILITY**                                                                    **Limits of Insurance**

| | |
|---|---:|
| Liability and Medical Expenses | $1,000,000 |
| Medical Expenses (Per Person) | $10,000 |
| Fire Legal Liability (Any One Fire or Explosion) | $100,000 |
| Products/Completed Operations Aggregate | $2,000,000 |
| General Aggregate (Other Than Products/<br>            Completed Operations) | $2,000,000 |

**PROPERTY AND MISCELLANEOUS COVERAGES**

**Limits of Insurance**

Policy Deductible*         $500
    *Refer to Deductible Provisions in the Special
     Property Coverage Form for Deductible Exceptions.

Property In Transit                                                                                    $15,000

INSURED                                    Page    1 of    4